# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

**Paige Smith, Plaintiff,**

**v.**

**TRANSUNION LLC, et al., Defendants.**

United States Courts
Southern District of Texas
F I L E D

FEB 1 7 2026

Nathan Ochsner, Clerk of Court

**Civil Action No. 4:25-cv-06271**

# PLAINTIFF'S OPPOSITION TO
# LVNV FUNDING, LLC'S MOTION TO DISMISS

## I.    INTRODUCTION

Defendant LVNV Funding, LLC ("LVNV") seeks dismissal by reframing Plaintiff's allegations into a theory that was never pled. Plaintiff does not allege that the underlying debt vanished or was legally extinguished. Plaintiff alleges that LVNV continued to furnish and verify materially misleading and incomplete information after receiving:

1. a certified court dismissal,

2. multiple consumer disputes,

3. a CFPB complaint, and

4. documentary evidence showing the lawsuit had been terminated.

Despite this notice, LVNV verified the account as accurate, continued reporting it as open, in collection, past due, and owed, and failed to note either the dismissal or the dispute, all of which are factual inaccuracies or omissions under Fifth Circuit law.

At the pleading stage, Plaintiff need only allege a plausible violation of 15 U.S.C. § 1681s-2(b). Plaintiff has done so. LVNV's motion improperly asks the Court to resolve factual disputes and accept LVNV's version of events over Plaintiff's well-pled allegations.

1

Plaintiff's allegations identify concrete factual inaccuracies and misleading omissions in LVNV's reporting, including verification of the account as presently collectible and past due after receipt of a certified dismissal order, failure to report the account as disputed, and omission of the dismissal itself. These objective reporting defects satisfy the Fifth Circuit's plausibility requirement at the pleading stage and independently warrant denial of LVNV's Motion to Dismiss or, at minimum, leave to amend to provide any additional factual specificity the Court deems appropriate.

The Motion should therefore be denied.

## II.    LEGAL STANDARD

A Rule 12(b)(6) motion tests the sufficiency of the pleadings, not the merits. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court must accept all well-pled facts as true and draw all reasonable inferences in Plaintiff's favor. Twombly, 550 U.S. at 555–56.

Dismissal is improper where the complaint states a plausible claim or where factual development is required. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 257 (5th Cir. 2009). At the motion to dismiss stage, the Court must accept Plaintiff's factual allegations as true and draw all reasonable inferences in Plaintiff's favor.

## III.    SUMMARY OF ARGUMENT

Plaintiff's Complaint plausibly alleges that LVNV furnished and verified materially misleading information after receiving a certified dismissal order and multiple disputes. These allegations satisfy the Fifth Circuit's inaccuracy standard and the elements of §1681s-2(b). LVNV's arguments raise factual disputes inappropriate for resolution at the pleading stage. At minimum, Plaintiff should be granted leave to amend.

## IV.    ARGUMENT

### A. Plaintiff Plausibly Alleges Inaccurate and Materially Misleading Reporting

LVNV argues Plaintiff failed to identify any inaccurate data point. The Complaint alleges the opposite. Plaintiff alleges LVNV reported and verified the account as:

1. open,

2. in collection,

3. past due,

4. owing $16,211,

5. with no dispute notation, and

6. with no notation of the court dismissal,

after receiving a certified dismissal order.

Under the Fifth Circuit, information is inaccurate if it is:

1. patently incorrect, or

2. misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions. Sepulvado v. CSC Credit Servs., Inc., 158 F.3d 890, 895 (5th Cir. 1998).

Reporting a debt as presently past-due, in active collection, and collectible after LVNV received a certified court dismissal, while simultaneously omitting both the dismissal and Plaintiff's dispute, constitutes an objectively misleading and incomplete representation of the account's status capable of adversely affecting credit decisions. At the pleading stage, such concrete misstatements and omissions are sufficient to allege a factual inaccuracy under the FCRA.

Courts routinely hold that failing to update a tradeline after a legal event (dismissal, vacatur, settlement, bankruptcy, etc.) states a claim under the FCRA. Whether LVNV's reporting was inaccurate is a fact question, not a basis for dismissal.

### B. Plaintiff Adequately Pleads a Violation of § 1681s-2(b)

To state a claim under § 1681s-2(b), Plaintiff must allege:

1. Plaintiff disputed the information with a CRA,

2. the CRA notified the furnisher, and

3. the furnisher failed to reasonably investigate or correct the information. Young v. Equifax, 294 F.3d 631, 639 (5th Cir. 2002).

Plaintiff alleges all three:

1. Plaintiff disputed the LVNV tradeline with TransUnion.

2. TransUnion notified LVNV.

3. LVNV verified the account as accurate despite receiving the dismissal order and other evidence.

Plaintiff further alleges that LVNV's reinvestigation was unreasonable because LVNV possessed readily verifiable documentary evidence, including the certified dismissal order, dispute correspondence, and regulatory complaints, yet verified the tradeline without correction or clarification. A furnisher's failure to meaningfully evaluate dispositive documentation plausibly constitutes an unreasonable investigation under § 1681s-2(b), particularly where all reasonable inferences must be drawn in Plaintiff's favor. Whether LVNV's investigation was reasonable, especially in light of a certified court dismissal, is a fact-intensive inquiry reserved for discovery.

4

## C. LVNV's "Legal Dispute vs. Factual Dispute" Argument Misstates the Complaint

Plaintiff is not attempting to relitigate the underlying debt. The claim concerns LVNV's post-dismissal furnishing and verification of materially misleading credit information after receiving notice of the court's dismissal. LVNV reframes this as a challenge to the "validity" of the debt, but that is not the issue. The inaccuracy arises from LVNV's failure to report a material legal event, the dismissal, and its continued reporting of the account as active, collectible, and past due. The FCRA governs factual accuracy, including material omissions that create a misleading impression. See Sepulvado, 158 F.3d at 895.

Plaintiff does not allege the debt was paid or adjudicated invalid. Plaintiff alleges LVNV:

1. ignored a dismissal order,

2. ignored documentary evidence,

3. ignored disputes, and

4. verified the account anyway.

This is a factual inaccuracy claim, not a legal validity claim. Accordingly, Plaintiff's claim arises from inaccurate and materially misleading credit reporting, not from any abstract legal challenge to the debt's enforceability.

### D. Plaintiff Plausibly Alleges Willfulness Under § 1681n

Under Safeco, willfulness includes reckless disregard, conduct that creates a risk of violating the statute substantially greater than mere carelessness.

Plaintiff alleges LVNV:

1. received the dismissal order,

2. received multiple disputes,

5

3. received CFPB and AG complaints,

4. had actual knowledge of the dismissal through its own counsel, and

5. verified the account as accurate anyway.

These allegations plausibly support willfulness. Whether LVNV acted knowingly or recklessly is a fact question inappropriate for dismissal.

LVNV's verification of the account after receiving a certified court dismissal, and after multiple disputes and regulatory complaints, constitutes conduct presenting an unjustifiably high risk of violating the FCRA that is either known or so obvious it should be known. Such allegations plausibly establish reckless disregard and therefore willfulness under 15 U.S.C. § 1681n and Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007).

Whether LVNV's conduct rises to negligence or reckless disregard presents a classic fact question unsuitable for resolution on a Rule 12(b)(6) motion.

## E. Plaintiff Adequately Pleads Damages and Causation

Plaintiff alleges:

1. credit denials,

2. increased borrowing costs,

3. forced reliance on a third party's VA entitlement,

4. out-of-pocket mitigation costs, and

5. emotional distress during medical recovery.

Plaintiff's emotional distress was not generalized frustration but occurred during documented post-surgical recovery from a repeat Cesarean section while facing imminent loss of housing and emergency financial exposure caused by Defendants' reporting. These factual allegations provide the type of concrete, real-world harm recognized as sufficient at the pleading stage in FCRA cases.

6

These are recognized FCRA injuries. TransUnion LLC v. Ramirez, 594 U.S. 413 (2021).

At the pleading stage, Plaintiff need only allege a plausible causal connection. Plaintiff has done so. Because Plaintiff plausibly alleges willful noncompliance, the availability of punitive damages under 15 U.S.C. § 1681n presents a fact question that cannot be resolved at the pleading stage.

### F. LVNV's Remaining Arguments Raise Factual Issues Not Suitable for Rule 12(b)(6)

LVNV's assertions regarding:

1. reasonableness of its procedures,

2. its interpretation of the dismissal,

3. its internal investigation,

4. its good faith, and

5. alternative causes of Plaintiff's injuries,

are affirmative defenses or factual disputes that cannot be resolved on a motion to dismiss.

### V.    THE PROCEDURAL POSTURE

The broader procedural posture further confirms that dismissal is inappropriate. Co-defendant TransUnion, represented by experienced FCRA defense counsel, filed an Answer responding to the Complaint's factual allegations and asserting affirmative defenses rather than seeking Rule 12 dismissal. An Answer necessarily reflects the existence of factual disputes appropriate for discovery, not resolution on the pleadings.

This action therefore presents the precise circumstance in which Rule 12 dismissal is disfavored and the parties should proceed to discovery.

### VI.   CONCLUSION

At its core, this case does not involve a technical dispute about credit reporting format or a disagreement over legal liability for an underlying debt. Instead, Plaintiff alleges that LVNV continued to furnish and verify credit information that was materially misleading after receiving a certified court dismissal and multiple forms of direct notice confirming the lawsuit had been terminated. Accepting these well-pleaded facts as true, as Rule 12 requires, LVNV's post-dismissal verification plausibly reflects an unreasonable reinvestigation and reckless disregard for the accuracy obligations imposed by the Fair Credit Reporting Act. Because the reasonableness of LVNV's investigation, the adequacy of its procedures, and the scope of its knowledge are inherently fact-intensive questions uniquely within Defendant's control, dismissal at the pleading stage would improperly resolve factual disputes before discovery. The Motion should therefore be denied.

Plaintiff has plausibly alleged negligent and willful violations of the FCRA arising from LVNV's post-dismissal verification of materially misleading information. LVNV's Motion improperly seeks premature factual determinations.

For these reasons, Plaintiff respectfully requests that the Court DENY LVNV Funding, LLC's Motion to Dismiss in its entirety and grant such other relief as the Court deems just.

## VII.    ALTERNATIVE REQUEST FOR LEAVE TO AMEND

In the alternative, should the Court determine that any aspect of Plaintiff's pleading requires additional factual detail, Plaintiff respectfully requests leave to amend pursuant to Federal Rule of Civil Procedure 15(a). Leave to amend is particularly appropriate here, where the claims turn on the reasonableness of Defendant's post-dispute reporting and reinvestigation procedures, facts uniquely within Defendant's control and appropriately explored through discovery.

Respectfully submitted,

Paige Smith
Plaintiff, Pro Se
5103 Wildwood Drive
Manvel, Texas 77578
713-261-0300
paigeamj@yahoo.com

## CERTIFICATE OF SERVICE

I certify that on February 17, 2026, I filed the foregoing document using the Court's CM/ECF
system, which automatically serves all counsel of record.

Paige Smith (Pro Se)
5103 Wildwood Drive
Manvel, Texas 77578
713-261-0300
paigeamj@yahoo.com