IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAIGE SMITH, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-25-6271 |
| § | |
| TRANSUNION LLC, *et. al.*, § | |
| § | |
| Defendants. § | |

## ORDER

Pending before the Court is Defendant LVNV Funding, LLC's Motion to Dismiss (Document No. 14). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

## I. BACKGROUND

This is a matter arising from the Federal Fair Credit Reporting Act ("FCRA"). On December 24, 2025, *pro se* Plaintiff Paige Smith ("Smith") filed suit against Defendants Transunion LLC, LVNV Funding LLC, Drive Taverna Collection, LLC, and The Taverna Collection Inc., alleging violations of the Federal Fair Credit Reporting Act ("FCRA"). With respect to the pending motion, Smith alleges that Defendant LVNV Funding LLC ("LVNV") improperly "furnished a collection tradeline to TransUnion associated with a debt originally arising from a Navy

Federal Credit Union Account."[1] In layman's terms, Smith contends that Defendants in this matter seek to improperly enforce an outstanding consumer debt originally arising from a Navy Federal Credit Union account assigned to Smith.

Based on the foregoing, on December 24, 2025, Smith filed suit against Defendants in this matter alleging a single claim for willful noncompliance against all Defendants, two claims for violations of 15 U.S.C. § 1681 against Defendant TransUnion LLC, and a single claim for violation of 15 U.S.C. § 1681s-2(b) against Defendant LVNV.[2] On February 2, 2026, Defendant LVNV moved to dismiss Smith's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[3]

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

---

[1] *Plaintiff's Complaint*, Document No. 1 at ¶ 6.

[2] *See Plaintiff's Complaint*, Document No. 1 at 4.

[3] *See Defendant LVNV Funding, LLC's Motion to Dismiss*, Document No. 14 at 1-13.

2

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

Defendant LVNV moves to dismiss Smith's complaint against them, contending that Smith fails to identify any inaccuracy with respect to LVNV's handling of Smith's credit account or any factual content regarding what LVNV did or failed to do. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To prevail on a claim pursuant against a credit furnisher such as LVNV, a plaintiff must allege that: (1) she disputed the accuracy of information with a

3

consumer reporting agency; (2) the agency notified the furnisher of the consumer's dispute; and (3) the furnisher thereafter failed to conduct an investigation, correct any inaccuracies, or notify the agency of the results of its investigation. *See* 15 U.S.C. § 1681s-2(b). A credit entry is "inaccurate" within the meaning of the FCRA if "it is patently incorrect" or "is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." Sepulvado v. CSC Credit Servs., Inc., 158 F.3d 890, 895 (5th Cir. 1998).

Here, LVNV contends that Smith does not identify any specific piece of information that LVNV furnished to Trans Union any information that was factually inaccurate. LVNV further contends that Smith fails to allege any perceived inaccuracy with regards to the underlying debt. With regards to Smith's claim for willful noncompliance, LVNV contends that Smith fails to plead any facts that support a finding of wrongdoing, let alone a finding of willfulness. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so, the Court has independently reviewed the complaint filed in this matter, and cannot identify any information, specific or otherwise, alleging that LVNV furnished to Trans Union any information that was incorrect or misleading. Even construing the complaint liberally, the Court finds that Smith offers no plausible factual basis for her assertion that LVNV either reported inaccurate information to a crediting agency or was willful in doing so. Given the Fifth Circuit's clear guidance

that a plaintiff must provide enough facts to state a claim for relief that is plausible on its face, the Court finds that LVNV's motion to dismiss should be granted and Smith's claims against LVNV should be dismissed.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant LVNV Funding, LLC's Motion to Dismiss (Document No. 14) is **GRANTED**. The Court further

ORDERS that Plaintiff Paige Smith's claims against Defendant LVNV Funding, LLC is **DISMISSED**.

SIGNED at Houston, Texas, on this **27** day of February, 2026.

DAVID HITTNER
United States District Judge